

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-85,283-01

### EX PARTE JAMES CALVERT, Applicant

### ON NOTICE OF UNTIMELY APPLICATION FOR WRIT OF HABEAS CORPUS FILED IN CAUSE NO. 241-1467-12 IN THE 241ST JUDICIAL DISTRICT COURT SMITH COUNTY

*Per curiam*.

### O R D E R

This case is before us because an application for a writ of habeas corpus has not been timely filed pursuant to the provisions of Texas Code of Criminal Procedure Article 11.071.[1]

In December 2015, the trial court appointed counsel to represent Applicant in a post-conviction writ of habeas corpus under Article 11.071. Approximately two months

---

[1] Unless otherwise indicated all references to Articles refer to the Code of Criminal Procedure.

later, Katherine Ginzburg Treistman was allowed to substitute as retained counsel. On June 19, 2018, the State filed in this Court its brief on Applicant's direct appeal. Pursuant to Article 11.071 § 4(a), Applicant's writ application was due to be filed in the trial court no later than August 3, 2018.

Prior to the due date, Applicant filed in the trial court a motion requesting a 90-day extension for filing his writ application. When the trial court failed to rule on that motion before August 3, 2018, Applicant sent to this Court his "Emergency Motion for Extension of Time to File Initial State Habeas Application." On August 6, 2018, the trial court signed an order purporting to grant Applicant's request for a 90-day extension, which would have made Applicant's writ application due on November 1, 2018. Applicant then sought to withdraw the extension motion filed in this Court. However, because the trial judge signed the order granting an extension after the date the application was due to be filed, the extension was not authorized. Thus, we exercised our authority under Article 11.071 § 4A, found good cause for Applicant's failure to timely file the writ application, and granted Applicant an additional 90 days in which to file his initial habeas application in the trial court. *Ex parte Calvert*, No. WR-85,283-01 (Tex. Crim. App. Oct. 24, 2018). In granting the additional time, we held that Applicant's writ application would be considered timely if it was filed in the trial court by November 1, 2018.

Applicant has now filed a second "Emergency Motion for Extension of Time to File Initial State Habeas Application." Largely repeating the claims he made in his first

emergency motion for extension (and repeatedly and mistakenly stating the current due date for the application as November 2, 2018), Applicant asserts that he has shown good cause for an additional grant of a 90-day extension to file his initial state habeas application in the trial court.[2]

We find Applicant's showing of good cause tenuous. He has failed to provide any greater detail than what he provided in his first emergency motion for extension. He has also failed to make any showing as to specifically what actions he has taken since he filed his first emergency motion for an extension. However, despite the tenuous showing, we will allow counsel to continue on Applicant's case and we will grant an additional 90 days to file the application from the date the application is currently due in the trial court (November 1, 2018). Thus, Applicant's initial habeas application should be filed in the trial court no later than January 30, 2019. No further motions for extension will be entertained in this case.

IT IS SO ORDERED THIS THE 14th DAY OF NOVEMBER, 2018.

Do Not Publish

---

[2] Applicant also asserts that he has a motion pending in the trial court requesting permission to create true and correct copies of property seized from his jail cell pursuant to a 2014 search warrant. Applicant requests that this Court grant the motion. But we will not rule on any motion pending in the trial court. Nor is this the proper vehicle in which to raise this request.